1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

WARD BENJAMIN TATE,                          Case No.  CV 16-00858-RAO

12
                      Plaintiff,
13
          v.                                 **MEMORANDUM OPINION AND**
14                                           **ORDER**
   NANCY A. BERRYHILL, Acting
15 Commissioner of Social Security,

16                    Defendant.

17

18
          Plaintiff Ward Benjamin Tate ("Plaintiff") challenges the Commissioner's[1]
19
   denial of his application for disability insurance benefits ("DIB") and supplemental
20
   security income.  For the reasons stated below, the decision of the Commissioner is
21
   REVERSED.
22
          Plaintiff contends in his appeal that the ALJ failed to properly consider
23
   Plaintiff's testimony and make proper credibility findings.  Specifically, Plaintiff
24
   challenges the ALJ's determination that Plaintiff was "mentally limited to
25
   'unskilled work; simple routine tasks in a nonpublic setting with only occasional
26
   _____
27 [1]  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A.
   Berryhill, the current Acting Commissioner of Social Security, is hereby substituted
28 as the defendant herein.

superficial contact with coworkers and occasional non-intense contact with supervisors; no fast-paced work; no work requiring hypervigilance or watching out for the safety of others; and work in a static environment.'" (Joint Stip. at 4-5.)

An ALJ need not accept a claimant's statements as to subjective pain or symptoms, but can reject them for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

Here, the ALJ found Plaintiff's statements partially credible. (AR 24.) In so doing, the ALJ relied on the following reasons: (1) despite statements that Plaintiff "does not engage in activities of daily living, he testified that he can perform self-care ok and can drive . . . if necessary"; (2) Plaintiff "has no earnings since 2002" and tried the antique business, which failed; (3) Plaintiff "has become dependent upon his wife, financially and otherwise"; (4) "there is some evidence of drug-seeking behavior"; (5) Plaintiff "has not received mental health treatment in over a year"; and (6) Plaintiff was able to "interact appropriately and understand and answer questions" at the hearing. (AR 24.) No malingering allegation was made,

and therefore, the ALJ's reasons must be "clear and convincing."

First, the ALJ found that Plaintiff was able to perform self-care and can drive if necessary. (AR 24.) Inconsistencies between symptom allegations and daily activities may act as a clear and convincing reason to discount a claimant's credibility, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991), but a claimant need not be utterly incapacitated to obtain benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The fact that Plaintiff can perform self-care and drive when necessary does not detract from his overall credibility, as the record does not show that these activities consumed a substantial part of Plaintiff's day. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Further, the mere ability to perform some daily living activities is not necessarily indicative of an ability to perform work activities because "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *see also Molina*, 674 F.3d at 1112-13 (the ALJ may discredit a claimant who "participat[es] in everyday activities indicating capacities that are transferable to a work setting"). The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

While not explained fully in the decision, the Court construes the ALJ's second and third reasons – Plaintiff has had no earnings since 2002, a failed antique business, and dependence on his wife – as a reference to Plaintiff's work history. A poor work history may constitute a proper reason for discounting a claimant's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding ALJ's finding that claimant had "extremely poor work history" and showed "little propensity to work in her lifetime . . . negatively affected her credibility"). Here, however, Plaintiff's work history does not demonstrate "little propensity to work." To the contrary, the history shows that Plaintiff attempted to run his own business,

but ultimately had to file bankruptcy. These facts do not equate to "little propensity to work," which an ALJ can reasonably rely on in making an adverse finding regarding a claimant's credibility. Accordingly, the Court finds these reasons are not clear and convincing ones supported by substantial evidence.

The ALJ found some evidence of drug-seeking behavior and cited this as a reason for discrediting Plaintiff's testimony. The record supports the ALJ's statements, specifically, medical records report that Plaintiff's treating physicians wanted him to "detox off his sedative/hypnotics" (AR 331). *See also* AR 310 ("[p]laintiff probably needs inpatient detoxification treatment"). This was a clear and convincing reason for the ALJ to discount Plaintiff's credibility. *Gray v. Comm'r of Soc. Sec.*, 365 Fed. App'x. 60, 63 (9th Cir. 2010) (evidence of drug-seeking behavior is a valid reason for discrediting a claimant's statements); *Morton v. Astrue*, 232 Fed. App'x 718, 719 (9th Cir. 2007) (drug-seeking behavior is a valid reason for questioning a claimant's credibility).

Next, the ALJ relied on the fact that Plaintiff has not received mental health treatment in over a year as another reason for discrediting him. In evaluating the credibility of a claimant, an ALJ may consider, among other factors, "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But "[w]here a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Carmickle v. Commissioner, Social Security Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (same). When asked by the ALJ why he no longer gets mental health treatment, Plaintiff answered: "Number one, I couldn't afford it" because "I had no insurance." (AR 38.) Plaintiff then explained that he "just got" Medi-Cal and indicated that he was now trying to get counseling. (AR 38-39.) It is well settled in social security appeals that the "failure to receive medical treatment during the period that [a claimant] had

4

no medical insurance cannot support an adverse credibility finding." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The Court finds this reason is not a clear and convincing one supported by substantial evidence.

Finally, the ALJ noted that Plaintiff's interactions at the hearing were appropriate and that he understood and answered questions. "An ALJ cannot substitute medical evidence with his own judgment, and such speculation cannot support an inference on which an ALJ's credibility determination depends." *Thibeaux v. Berryhill*, SA CV 16-0952 AS, 2017 WL 1946307, at * 9 (C.D. Cal. May 10, 2017) (citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)). In discrediting Plaintiff's testimony based on his ability to answer questions at the hearing, the ALJ substituted her judgment for the medical opinions in the record. This was improper. *See Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010).

In sum, the ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility.

Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). On remand, the ALJ shall reassess Plaintiff's subjective allegations and either credit his testimony as true, or provide specific, clear and convincing reasons, supported by substantial evidence in the record, for discounting or rejecting any testimony.

///

///

///

///

///

///

1    IT IS ORDERED that Judgment shall be entered REVERSING the decision

2   of the Commissioner denying benefits, and REMANDING the matter for further

3   proceedings consistent with this Order.

4    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

5   Order and the Judgment on counsel for both parties.

6

7   DATED:  July 31, 2017

8                                              ROZELLA A. OLIVER
                                               UNITED STATES MAGISTRATE JUDGE
9

10                                   **NOTICE**

11  **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW,
    LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28